**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ROBERT L. MENDRALLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case Number: |
| VILLAGE OF LEMONT, | ) |
| POLICE OFFICER KEVIN ANDERSON and | ) |
| POLICE OFFICER THADDEUS MEZYK | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

**COMPLAINT AT LAW**

Plaintiff, ROBERT L. MENDRALLA, by and through his attorney, James J. Macchitelli, alleges against Defendants, VILLAGE OF LEMONT, POLICE OFFICER KEVIN ANDERSON and POLICE OFFICER THADDEUS MEZYK, as follows:

**THE PARTIES**

1.      Plaintiff,  ROBERT L. MENDRALLA, ("Mendralla" or "Plaintiff") is a resident of Palatine, County of Cook, Illinois.

2.      Defendant, VILLAGE OF LEMONT, ("Lemont") is a municipal corporation organized and existing under the laws of the State of Illinois, which maintains its principal offices at 418 Main Street, Lemont, County of Cook, Illinois 60439.

3.      Defendant Police Officer KEVIN ANDERSON("Anderson") was at all material times a police officer with the Village of Lemont Police Department located 14600 127th Street, Lemont, Illinois 60439.  Police Officer Anderson is being sued both individually and in his official capacity as police officer, agent and/or employee of the defendant, Village of Lemont.

4.      Defendant Police Officer THADDEUS MEZYK("Mezyk") was at all material

times a police officer with the Village of Lemont Police Department located 14600 127th Street, Lemont, Illinois 60439. Police Officer Mezyk is being sued both individually and in his official capacity as police officer, agent and/or employee of the defendant, Village of Lemont.

5. John Does 1-10 represent members of the Village of Lemont Police Department who are unidentifiable at the present time.

## JURISDICTION

6. This Court has jurisdiction over the Federal Law claims pursuant to 28 U.S.C. §§1331 and 1343.

7. Venue is proper under 28 U.S.C. §1391 because the causes of action upon which the Complaint is based arose in and around Cook County, Illinois.

## FACTUAL BACKGROUND

8. At all material times, Defendants, Anderson and Mezyk, both Village of Lemont Police Officers acted within the course and scope of their employment under the color of state law and pursuant to the customs, policies and practices of the Village of Lemont Police Department, and the defendant, Village of Lemont.

9. On September 12, 2016, Plaintiff, Robert L. Mendralla, learned there was a warrant for his arrest so he arranged to turn himself in to the Palatine Police, which was the local police station where he lived in Palatine, Illinois.

10. Upon Plaintiff's arrival at the Palatine Police Station, Palatine Police officers emptied Plaintiff's pockets and placed handcuffs in a normal way on Plaintiff.

11. Plaintiff remained at the Palatine Police Station for 45 minutes until Village of Lemont Police Officers, Defendants, Anderson and Mezyk, picked up Plaintiff and thus took possession of Plaintiff.

12. Defendants, Anderson and Mezyk, removed the Palatine Police's handcuffs from Plaintiff and replaced the Palatine Police's handcuff with their own handcuffs or handcuffs from the Village of Lemont Police Department.

13. Plaintiff was providing no resistance at any time and was cooperating with any and all police officers to the fullest extent possible, but, Plaintiff explained to Defendants, Anderson and Mezyk, that the handcuffs were extraordinarily tight and painful, causing excruciating pain and the Defendants, Anderson and Mezyk, ignored Plaintiff's complaints and placed Plaintiff in the back seat of a squad car.

14. Defendants, Anderson and Mezyk, transported Plaintiff to the Village of Lemont Police Department and throughout this transport, Plaintiff was experiencing severe pain and Plaintiff's statements to Defendants, Anderson and Mezyk, was ignored.

15. At several points, Plaintiff complained about the crushing pressure on his hands, but, Defendants, Anderson and Mezyk, ignored Plaintiff's complaints. Despite Plaintiff's complaints of pain after being handcuffed to both, Defendants, Anderson and Mezyk, neither of the individually-named Defendants did anything to alleviate Plaintiff's pain.

16. As a direct and proximate result of being tightly handcuffed without relief, Plaintiff suffered permanent injury to his hands and has been forced to undergo medical treatment and therapy and has been forced to suffer continuous and severe pain.

17. As a direct and proximate result of the aforementioned acts and conduct of the Defendants, Anderson and Mezyk, Plaintiff has sustained physical and emotional and psychological injuries.

18. As a direct and proximate result of the aforementioned acts and conduct of the Defendants, Anderson and Mezyk, Plaintiff continues to experience severe pain and Plaintiff has

been obligated to and continues to expend substantial sums of money and to incur expenditures for medical treatment for an indefinite period of time, to his great detriment and loss.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. § 1983 EXCESSIVE FORCE

19. Paragraphs 1 through 19 are incorporated herein by reference, as though each were fully set forth herein at length.

20. As aforesaid, Defendants, Anderson and Mezyk, were acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of the Village of Lemont and the Village of Lemont Police Department; deprived Plaintiff of his rights, privileges and immunities under the Laws and Constitutions of the United States, and its amendments; in particular, the right to be free from the use of excessive force, which actions violated the Plaintiff's rights under the Fourth Amendment to the Constitution of the United States and were in violation of 42 U.S.C. §1983.

21. As aforesaid, Defendants, Anderson and Mezyk, were acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of the Village of Lemont and the Village of Lemont Police Department and Defendants clearly used excessive force against Plaintiff when he posed no danger to anyone and Defendants placed Plaintiff in handcuffs that were far too tight, and that caused obvious pain and serious injury.

22. Defendants', Anderson's and Mezyk's, use of force was clearly excessive to the need, objectively unreasonable in light of clearly established law, and directly caused Plaintiff 's serious injury. Therefore, Defendants' actions violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from unlawful search and seizure.

23.     Moreover, leaving Plaintiff in obvious pain also reflects deliberate indifference to Plaintiff's serious medical need, of which Defendants were aware, and that caused additional injury to Plaintiff in violation of the Fourteenth Amendment.

24.     Defendants, Anderson and Mezyk, violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including but not limited to the Fourth and Fourteenth Amendment, when Defendants employed unnecessary and unreasonable excessive force which resulted in significant injuries to Plaintiff.

25.     The acts and inaction of Defendants, Anderson and Mezyk, were at all times objectively unreasonable and / or reckless and in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution.

26.     The unlawful actions and/or inactions of Defendants, Anderson and Mezyk, and/or the Defendants' failure to intervene proximately resulted in significant injuries to Plaintiff.

27.     Neither Defendant, Anderson, nor Defendant, Mezyk, are entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from excessive use of force.

28.     As a proximate result of Defendant, Anderson's, and / or Defendant's, Mezyk's, violations and/or deprivations of Plaintiff's constitutional rights, Plaintiff has a viable claim for exemplary, compensatory, and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

29.     As a direct and proximate result of Defendants' deprivation of Plaintiff's the malicious, intentional, reckless and / or unreasonable actions of the Defendant, Anderson, nor Defendant, Mezyk, the Plaintiff suffered substantial injuries.

30. The above-described actions of the Defendants, Anderson and Mezyk, in their individual capacities, were so malicious, intentional, reckless and / or unreasonable, that they displayed such a reckless indifference to the Plaintiff's rights and well being that the imposition of punitive damages is warranted.

WHEREFORE, pursuant to 42 U.S.C. §§1983 and 1988, Plaintiff demands compensatory and punitive damages against the defendants in an amount that exceeds $100,000.00 plus interest, costs, attorney's fees, and other appropriate relief.

## COUNT II
## VIOLATION OF THE DUE PROCESS CLAUSE
## OF THE FOURTEENTH AMENDMENT
## 42 U.S.C. § 1983—EXCESSIVE FORCE

31. Paragraphs 1 through 30 are incorporated herein by reference, as fully as though each were set forth herein at length.

32. The Due Process Clause of the Fourteenth Amendment prevents the use of excessive physical force against pretrial detainees and imposes a duty on police officials to take reasonable measures to guarantee the safety of those under their care.

32. Defendants, Anderson and Mezyk, violated Plaintiff's federally protected rights by using and/or failing to intervene against the use of excessive force against Plaintiff.

33. Defendants, Anderson and Mezyk, acted maliciously and sadistically for the sole purpose of causing harm to Plaintiff and/or with deliberate indifference to Plaintiff's constitutional rights.

34. Plaintiff suffered injuries and damages as a result of the excessive force and/or failure to intervene against the use of excessive force by Defendants, Anderson and / or Mezyk, had a realistic opportunity to intervene and to prevent the violation of the Plaintiff's

constitutional rights, but, Defendants, Anderson and Mezyk, acted in an unreasonable way and deliberately refused to intervene and deliberately refused to loosen the handcuffs.

35.     Defendants, Anderson and / or Mezyk, had a realistic opportunity to intervene and to prevent  the violation of the Plaintiff's constitutional rights, but, Defendants, Anderson and Mezyk, failed and deliberately refused to do check the tightness of and / or loosen the handcuffs .

36.     Defendants and their failure to intervene was objectively unreasonable and as a direct and proximate result caused Plaintiff to sustain substantial damages.

36.     At the time of the incidents alleged in this Complaint, it was clearly established that the Due Process Clause of the Fourteenth Amendment prohibited the unnecessary and wanton infliction of pain through the use of excessive force against Plaintiff.

37.     Plaintiff has a viable claim for damages, costs, interest, and attorney fees as set forth in 42 U.S.C. § 1983.

WHEREFORE, pursuant to 42 U.S.C. §§1983 and 1988, Plaintiff demands compensatory and punitive damages against the defendants in an amount that exceeds $100,000.00 plus interest, costs, attorney's fees, and other appropriate relief.

## COUNT III
## VILLAGE OF LEMONT CONSTITUTIONAL VIOLATIONS

38.     Paragraphs 1 through 37 are incorporated herein by reference, as fully as though each were set forth herein at length.

39.     Defendant, Village of Lemont, acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

40.     That these customs and/or policies and/or practices included, but were not limited to, the following:

   a.     Failure to train its officers in the proper policies and procedures regarding the use of force;

   b.     Failure to supervise its police officers to ensure that illegal and excessive force is not used;

   c.     Failure to supervise review, and/or discipline police officers whom Defendant knew or should have known were using unreasonable and unnecessary excessive force, thereby permitting and/or encouraging its police officers to use excessive and unreasonable force.

   d.     Failure to train its officers regarding proper handcuffing procedures, including, but not limited to, how and/or when to check the tightness of handcuffs.

   e.     Failure to train its officers regarding providing medical attention when a citizen complains of an injury.

   f.     Failing to train officers on alternative restraint techniques to handcuffs.

41.     Defendant's, Village of Lemont's, conduct demonstrated a substantial lack of concern for whether an injury resulted.

42.     Defendant's, Village of Lemont's, reckless acts and/or deliberate indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

43.     The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and Fourteenth Amendment rights and pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

WHEREFORE, pursuant to 42 U.S.C. §§1983 and 1988, Plaintiff demands compensatory and punitive damages against the defendants in an amount that exceeds $100,000.00 plus interest, costs, attorney's fees, and other appropriate relief.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY ON ALL COUNTS.**

Respectfully submitted.

James J. Macchitelli

Attorney Number: 6208773 (Illinois)
James J. Macchitelli
Attorney for Plaintiff
1051 Perimeter Drive, Suite 400
Schaumburg, Illinois 60173
(847) 414-4532
jimmymacclaw@gmail.com